IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00327-MR-WCM

| | |
|---|---|
| WILLIAM BRICKLE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERAL AVIATION )<br>ADMINISTRATION, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1].

**I.   BACKGROUND**

William Brickle ("Plaintiff") brings this action against the Federal Aviation Administration ("FAA"). [Doc. 1 at 1, 2, 4]. The Plaintiff used a standard AO form to file his complaint. In the section of the form where the Plaintiff was asked to identify the basis for the Court's jurisdiction, the Plaintiff marked "[d]iversity of citizenship." [Id. at 3]. In the section where the Plaintiff was instructed to provide the amount in controversy, the Plaintiff wrote "[m]y life has been ruined I cannot stop trying to get the operators to cooperate with me I'm losing jobs and stability." [Id. at 4].

In the section titled "Statement of the Claim," the Plaintiff was instructed to "[w]rite a short and plain statement of the claim," including "the facts showing that [the] plaintiff is entitled to the damages or other relief sought" and a description of how the defendant "was involved . . . including the dates and places of that involvement or conduct." [Id.]. In response, the Plaintiff wrote only: "[i]nvasion of privacy, embarrassment, harassment, terrorism, torment[,] [and] humiliation." [Id.]. The Plaintiff seeks no specific relief. [Id.]. But the Plaintiff did assert, in the section for relief sought, that "there is [n]o property damage [j]ust mentally and physically." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff has paid the $402 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte*. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." (citation omitted) (citing Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989))).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While a *pro se* complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a court to ignore a clear failure to allege sufficient facts to state a claim upon which relief may be granted, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Under Federal Rule of Civil Procedure 8(a), a pleading stating a claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). A complaint fails to state a claim upon which relief may be granted if it offers merely "labels and conclusions," "a formulistic recitation of the elements of a cause of action," or "naked assertion[s]" "devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

## III. DISCUSSION

The Plaintiff appears to allege tort claims against the FAA, an agency within the U.S. Department of Transportation.[1] The Plaintiff, however, alleges neither facts explaining how the United States caused him harm nor facts identifying when and where the alleged conduct occurred. Without any basic details about the alleged incidents giving rise to the Plaintiff's claims, the Complaint fails to state a claim upon which relief can be granted against the United States. See Fed. R. Civ. P. 8(a)(2); Iqbal, 556 U.S. at 678. Accordingly, the Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

Before dismissing this action, however, the Court will allow the Plaintiff an opportunity to amend his Complaint to state a claim against the United States. In his amended complaint, the Plaintiff must set forth plausible factual allegations to show how the United States is liable for the alleged harm the Plaintiff suffered. The amended complaint must contain all of the Plaintiff's claims and allegations; piecemeal amendments of the Complaint will not be permitted. Finally, the amended complaint must include a clear

---

[1] If the Plaintiff seeks to proceed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), the United States must be substituted as the named defendant because federal agencies cannot be sued in their own capacity under the FTCA, id. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . .").

4

basis for the Court's jurisdiction and a clear statement of the relief sought. See Fed. R. Civ. P. 8(a)(1), (3).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. **If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.**

The Clerk is respectfully instructed to mail the Plaintiff a blank civil complaint form.

**IT IS SO ORDERED.**

Signed: November 8, 2021

Martin Reidinger
Chief United States District Judge